# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAXFIND LLC, d/b/a WallHero, | Case No. 1:26-cv-8116 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| FELTRIGHT LLC, a Utah Limited Liability Company, | |
| Defendant. | |

## COMPLAINT

## I. INTRODUCTION

1.      Plaintiff brings this action against Defendant for submitting untrue and misleading patent infringement complaints to Amazon, which resulted in the wrongful removal of Plaintiff's product listings and disruption of its business operations.

## II. PARTIES

2.      Plaintiff Maxfind LLC, d/b/a WallHero ("Plaintiff" or "WallHero"), is a limited liability company with its principal place of business at 959 Golf Course Drive, STE 255, Rohnert Park, CA 94928. Plaintiff is engaged in the business of manufacturing, distributing, and selling customizable felt wall tile products globally, including within the Northern District of Illinois, through its Amazon storefront (Merchant ID: A198WFGRJU9J3Y).

3.      Defendant FeltRight, LLC ("Defendant" or "FeltRight") is, upon information and

belief, a limited liability company organized under the laws of Utah, with its principal place of business in the Draper/Bluffdale, Utah area. Upon information and belief, Defendant is the owner of U.S. Patent No. 12,486,674, titled "Felt Tiles and Tile Kits" (the "'674 Patent").

## III. NATURE OF THE ACTION

4.      This action seeks declaratory judgment of patent non-infringement under 28 U.S.C. § 2201(a) and 35 U.S.C. §§ 271.

5.      In addition, this action asserts claims for tortious interference with business relations or prospective economic advantage.

6.      Lastly, this action asserts claims for vio5lation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

## IV. JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District, has caused injury to sellers conducting business within this District, and has purposefully directed its Amazon enforcement activities toward this District. Indeed, as alleged more fully below, a nearly identical suit against Defendant arising from the same pattern of Amazon complaint abuse, Fuzhou Yiyunhui Trading Co., Ltd. v. FeltRight, LLC, Case No. 1:26-cv-05968, is currently pending before this Court, confirming that Defendant has

purposefully availed itself of, and directed its enforcement conduct into, this District.

## V. GENERAL FACTS

10. Plaintiff has operated its Amazon storefront under the WallHero brand for a substantial period of time and has developed a stable business selling customizable felt wall tile products to customers in the United States. Plaintiff has established ongoing commercial relationships with Amazon and its customers and has maintained active product listings for its felt tile products.

11. The '674 Patent, titled "Felt Tiles and Tile Kits," is U.S. Patent No. 12,486,674. Claim 1 of the '674 Patent recites, in relevant part, "a tile, having a rigid body made of felt," and every subsequent element of Claim 1 refers to the "rigid body" or a subcomponent thereof. A true and correct copy of the '674 Patent is attached hereto as **Exhibit 1**.

12. Despite knowledge or reason to know that the '674 Patent is not infringed by Plaintiff's non-rigid felt tile products, Defendant has filed a baseless complaint with Amazon.com alleging infringement of the '674 Patent by Plaintiff's products. This complaint resulted in the wrongful delisting and removal of Plaintiff's product listings, causing significant disruption to Plaintiff's business operations and reputational harm.

13. Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the patent registration at issue here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the seller. The affected inventory is frozen in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-infringement

analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective patents and gives significant deference to the complainant's representations. As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and takedowns remain in effect regardless of the merits of the infringement allegation.

14. On or before June 16, 2026, Defendant submitted an Amazon IP Complaint (Complaint ID: 20605816151) alleging infringement of Claim 1 of the '674 Patent by products sold through Plaintiff's WallHero storefront, including but not limited to ASINs B0D466XG1H, B0DL9FQ79R, B0DNNYKC79, B0D4644DFW, B0DNNZ4Z5H, and B0D467GY8M. As a result of this complaint, Amazon delisted and deactivated each of the foregoing ASINs.

15. On June 16, 2026, Plaintiff's patent counsel, Hollowell Patent Group, submitted a detailed Letter of Non-Infringement and accompanying claim chart to Amazon Seller Help Center, demonstrating on an element-by-element basis that Plaintiff's accused product does not infringe Claim 1 of the '674 Patent. As demonstrated therein, the body of Plaintiff's product is not rigid: it can be bent by hand and elastically returns to its original shape upon the removal of force, including when subjected to approximately 17.8 pounds of applied weight. Because the term "rigid body" appears in the preamble of Claim 1 and every element of Claim 1 refers to the "rigid body" or a subcomponent thereof, Plaintiff's product cannot infringe Claim 1 and cannot infringe any claim dependent therefrom. A true and correct copy of the June 16, 2026 Letter of Non-Infringement, including the claim chart, is attached hereto as **Exhibit 2**.

16. Defendant's conduct is not an isolated incident but reflects a broader pattern of abusing Amazon's intellectual property enforcement system to exclude non-infringing competitors from the marketplace. Upon information and belief, on or about May 21, 2026, Fuzhou Yiyunhui

Trading Co., Ltd. filed a lawsuit against Defendant in this District, Case No. 1:26-cv-05968 (the "Fuzhou Litigation"), alleging that Defendant maliciously filed a baseless Amazon complaint (Complaint ID: 19863261721) on or about April 8, 2026 against ASINs associated with the "PebblingQ" storefront, asserting infringement of the same '674 Patent, despite knowledge or reason to know that the '674 Patent was not infringed.

17. Upon information and belief, on or about May 22, 2026, Shenzhen Dongjian Fangzhou Technology Co., Ltd. separately filed suit against Defendant in the District of Utah, Case No. 2:26-cv-00476 (the "Shenzhen Litigation"), alleging the same pattern of conduct with respect to the '674 Patent. Upon information and belief, the products at issue in the Shenzhen Litigation have since been reinstated by Amazon, further confirming that Defendant's underlying infringement allegations lacked merit.

18. Although the '674 Patent's Claim 1 requires a "rigid body" in virtually every limitation, and Plaintiff's product, like the products at issue in the Fuzhou Litigation and the Shenzhen Litigation, is not rigid, Defendant proceeded to file a complaint against Plaintiff asserting infringement of that same claim. Defendant's repeated, duplicative pattern of targeting non-rigid felt tile products sold by competitors, including Plaintiff, constitutes a deliberate strategy of weaponizing Amazon's intellectual property enforcement system to suppress lawful competition.

19. As a direct result of Defendant's conduct, Plaintiff has suffered harm, including removal of its listings, inability to sell its products, disruption of business operations, and loss of sales and customer goodwill, and continues to face the risk of further listing removals, loss of revenue, and reputational harm.

**COUNT I**

**DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**
**(28 U.S.C. §§ 2201, 2202; 35 U.S.C. §§ 271)**

20.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21.     Pursuant to 28 U.S.C. § 2201(a), "in a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration."

22.     An actual and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's felt tile products infringe the '674 Patent, as evidenced by Defendant's Amazon IP Complaint (ID: 20605816151) and Defendant's continued refusal, as of the filing of this Complaint, to withdraw its infringement allegations or consent to reinstatement of Plaintiff's listings.

23.     Claim 1 of the '674 Patent, and every claim dependent therefrom, requires a "rigid body." Plaintiff's products do not have a rigid body; the body of Plaintiff's products can be bent by hand and elastically returns to its original shape upon removal of force, as demonstrated in **Exhibit 2**.

24.     Because Plaintiff's products lack the "rigid body" required by Claim 1 of the '674 Patent, either literally or under the doctrine of equivalents, Plaintiff's products do not infringe, and have not infringed, any claim of the '674 Patent, and Plaintiff is entitled to a declaratory judgment of non-infringement.

**COUNT II**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY**

**(28 U.S.C. §§ 2201, 2202; 35 U.S.C. §§ 102, 103)**

25.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26.     Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy exists between Plaintiff and Defendant regarding the validity of Claim 1 of the '674 Patent, as evidenced by Defendant's Amazon IP Complaint (ID: 20605816151) and Defendant's continued assertion of the '674 Patent against Plaintiff's products.

27.     Upon information and belief, prior to the effective filing date of the application that issued as the '674 Patent, Defendant itself designed, manufactured, marketed, and publicly sold felt wall tile products under its "Parallel" product line embodying, in substantially the same form, the chamfered-edge tile design later claimed in Claim 1 of the '674 Patent, including a body having a top surface and a bottom surface, a first set of side surfaces not perpendicular to the top surface, and a second set of side surfaces perpendicular to the bottom surface and directly connected to the first set of side surfaces to form chamfered edges.

28.     Upon information and belief, third parties unrelated to and independent of Defendant publicly disclosed, displayed, offered for sale, and/or sold felt and acoustic wall panel tile products embodying chamfered-edge configurations substantially identical to those recited in Claim 1 of the '674 Patent, prior to May 5, 2021, the effective filing date of the application that issued as the '674 Patent. Such prior art includes, without limitation, third-party product listings and sales records of the type identified in the related and substantially similar action captioned *Fuzhou Yiyunhui Trading Co., Ltd. v. FeltRight, LLC*, Case No. 1:26-cv-05968 (N.D. Ill.), reflecting chamfered-edge felt panel products publicly offered for sale and sold no later than 2019

and 2020.

29.     For example, on or before June 12, 2019, Fujian Xingshuang Industrial Co., Ltd. ("Xingshuang"), a company with no relationship to Defendant, publicly offered for sale on the Tmall.com e-commerce platform, through its "Xingshuang Flagship Store," a small-square felt wall panel product (the "Xingshuang Product") embodying a chamfered-edge, V-grooved tile design substantially identical to that recited in Claim 1 of the '674 Patent. A true and correct copy of the Xingshuang Product's Tmall listing is attached hereto as **Exhibit 3**, with a certified English translation attached as **Exhibit 4**. As shown in **Exhibit 3** and **Exhibit 4**, the Xingshuang Product listing (i) identifies a "launch date" of June 12, 2019; (ii) depicts a felt tile body having a top surface cut with a V-shaped groove and a folded, mitered edge structure forming a chamfered edge, consistent with a body having a top surface, a bottom surface, a first set of side surfaces not perpendicular to the top surface, and a second set of side surfaces perpendicular to the bottom surface and directly connected to the first set of side surfaces; and (iii) was offered in a 30cm x 30cm size and 9mm thickness, in numerous color variations, as a felt fiber panel product intended for wall-mounted decorative display, the same general field of use as the tile products described in the '674 Patent.

30.     The Xingshuang Product was not merely offered for sale but was in fact sold to members of the public well before the '674 Patent's May 5, 2021 effective filing date. Tmall order and transaction records, attached hereto as **Exhibit 5**, with a certified English translation attached as **Exhibit 6**, document at least two completed, arm's-length retail sales of the Xingshuang Product: (i) Order No. 578904583510062797, placed and paid on December 29, 2019, shipped December 30, 2019, and confirmed received by the buyer on January 9, 2020, for a "Light Gray" 30cm x 30cm felt board panel; and (ii) Order No. 833718243616847521, placed and paid on January 31,

2020, shipped February 20, 2020, and confirmed received by the buyer on March 11, 2020, for two units of a "Fruit Green" 30cm x 30cm felt board panel. Each transaction identifies the same product depicted in the Xingshuang Product's Tmall listing (**Exhibits 3-4**), reflects a unique Alipay transaction number, and reflects an independent third-party buyer and shipping address, confirming that the Xingshuang Product was on sale and otherwise publicly available more than a year before the '674 Patent's effective filing date, and therefore qualifies as prior art under 35 U.S.C. § 102(a)(1).

31.     Further, publicly available industry literature confirms that cutting V-grooves, chamfers, and bevel edges into felt panel material of the type embodied in the Xingshuang Product and recited in Claim 1 of the '674 Patent was a conventional, well-known fabrication technique in the felt panel industry generally, further evidencing that a chamfered-edge, V-grooved felt tile design was, at minimum, an obvious variation of known felt-panel processing methods to a person of ordinary skill in the art. A true and correct copy of a felt-panel processing manual describing such conventional V-groove, chamfer, and bevel-cutting techniques is attached hereto as **Exhibit 7**.

32.     Because such prior art, including the Xingshuang Product identified in Exhibits 3 through 6, was created and publicly disclosed by parties unrelated to Defendant and did not derive from the inventor named on the '674 Patent, the one-year grace period under 35 U.S.C. § 102(b)(1), which protects only a patentee's own pre-filing disclosures, does not apply. This prior art therefore qualifies as prior art to the '674 Patent under 35 U.S.C. § 102(a)(1) without regard to whether it precedes the filing date by more than one year.

33.     In addition, and in the alternative, upon information and belief, Defendant's own

"Parallel" tile product embodies, in substantially the same form, the chamfered-edge design later claimed in Claim 1 of the '674 Patent, and was commercially available to consumers no later than January 2, 2024, as evidenced by customer reviews publicly posted as of that date. Plaintiff will seek discovery regarding the date the "Parallel" product was first offered for sale to determine whether its introduction independently supports invalidity under 35 U.S.C. § 102.

34.     As a result, Claim 1 of the '674 Patent, and each claim dependent therefrom, is invalid under 35 U.S.C. § 102 and/or § 103 as anticipated by, or rendered obvious in view of, the prior art identified above, including without limitation the Xingshuang Product (Exhibits 3-6) and the felt-panel V-groove and chamfer-cutting techniques described in Exhibit 7.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE ECONOMIC ADVANTAGE

35.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

36.     Under *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), it is generally recognized by the Illinois courts that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge; (3) the purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff resulting from such interference.

37.     Plaintiff had valid and ongoing business relationships and expectancies with Amazon and its customers through its active WallHero Amazon storefront and product listings.

Defendant knew of these relationships because it specifically targeted Plaintiff's Amazon listings and ASINs in its Amazon IP Complaint.

38. Defendant intentionally and unjustifiably interfered with Plaintiff's relationships and expectancies by submitting a baseless patent infringement complaint to Amazon despite knowledge, or reason to know the pending Fuzhou Litigation and Shenzhen Litigation involving the same '674 Patent and the same "rigid body" limitation that such a complaint lacked merit. Defendant's complaint caused Amazon to remove and deactivate Plaintiff's listings, preventing Plaintiff from continuing sales through those listings.

39. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages, including removal of listings, lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

## COUNT IV
## VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/2)

40. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

41. Pursuant to the Illinois Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: … (8) [d]isparages the goods, services, or business of another by false or misleading representation of fact."

42. Based on the facts alleged above, Defendant engaged in deceptive trade practices by submitting a false and misleading patent infringement complaint to Amazon, falsely

representing that Plaintiff's products infringed the '674 Patent notwithstanding that Plaintiff's products lack the "rigid body" required by every limitation of Claim 1. This false representation disparaged Plaintiff's products and business and caused Amazon to remove and deactivate Plaintiff's listings.

43. As a result, Plaintiff suffered damages, including lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment against Defendant as to the alleged causes of action;

2. A declaratory judgment that Claim 1 of the '674 Patent, and each claim dependent therefrom, is invalid;

3. An order enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with it from submitting further false or misleading complaints to Amazon, and from further tortious interference with Plaintiff's business relations;

4. An order directing any third-party platforms, including but not limited to Amazon, to reinstate and reopen any listings, advertisements, or sales channels operated by Plaintiff in connection with Plaintiff's products;

5. An order requiring Defendant to file a written report under oath, within ten (10)

days of judgment, detailing the manner and form in which it has complied with the injunction;

6.      An award of damages adequate to compensate Plaintiff for Defendant's wrongful acts;

7.      Such other and further relief as the Court may deem just and proper.

Dated: July 10, 2026                                        Respectfully submitted

                                                    By: /s/ _Marjorie Ouyang_____
                                                    Marjorie Ouyang
                                                    **Valley & Summit Law**
                                                    One Park Plaza, #600
                                                    Irvine, CA 92614

                                                    *Attorney for Plaintiff*
                                                    *MAXFIND LLC*